UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MELISSA GAETA-SANTORO,

                                    Plaintiff,

                                                            MEMORANDUM & ORDER
            -against-                                       15-CV-00466 (JMA) (ARL)

PECONIC BAY MEDICAL CENTER,
formerly called CENTRAL SUFFOLK
HOSPITAL,
                                    Defendants.
-------------------------------------------------------X
**JOAN M. AZRACK, District Judge:**

On January 22, 2015, *pro se* plaintiff Melissa Gaeta-Santoro ("plaintiff") filed a complaint

pursuant to the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117

("ADA") against Peconic Bay Medical Center, formerly called Central Suffolk Hospital

("defendant"), together with an application to proceed *in forma pauperis*.

Upon review of plaintiff's declaration in support of her application to proceed *in forma*

*pauperis* the Court finds that plaintiff's financial status qualifies her to commence this action without

prepayment of the filing fee.  *See* 28 U.S.C. §§ 1914(a); 1915(a)(1).  Therefore, plaintiff's request

to proceed *in forma pauperis* is granted.  However, for the reasons that follow, the complaint is *sua*

*sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    Background[1]

Plaintiff's sparse complaint, submitted on the Court's employment discrimination complaint

form, alleges that the defendant discriminated against her on the basis of her disability.

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order, *see*,
*e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se*
complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the
complaint as true).

Plaintiff claims to suffer from a "brain injury, seizures (mini), back [and] neck." (Compl. ¶ 7.) In the space on the form that calls for a description of the "discriminatory conduct of which I complain in the action", plaintiff has checked the spaces to allege "termination of my employment", "failure to accommodate my disability", "unequal terms and conditions of my employment", "retaliation" and "other acts (specify) 'union contract violated.'" *(Id.* ¶ 4.) Where prompted to describe the facts of her case, plaintiff alleges, in its entirety, that "[t]he facts of my case are as follows: disability discrimination, retaliation, failure to accomdiate [sic] of my doctor(s) accomidation [sic] requests based on my disability, termination based on my disability, union contract violated." (*Id.* ¶ 8.) Plaintiff alleges that she received a right to sue letter from the Equal Employment Opportunity Commission on October 30, 2014 and has attached the one-page Dismissal and Notice of Rights mailed on October 22, 2014. (*Id*. ¶ 12, at 6.)

## II. Discussion

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of her application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

### B. Application of 28 U.S.C. § 1915

The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), requires a district court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. District courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.

2

2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142–43 (2d Cir. 2013) (quotations and citations omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

In addition, Federal Rule of Civil Procedure "8(a) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119,

3

123 (2d Cir. 1991) (citation omitted); *see also Twombly,* 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.")

## C.   The ADA

The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to," *inter alia*, "discharge of employees . . .  and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To establish a *prima facie* case of discrimination under the ADA, a plaintiff must allege that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (citation omitted); *see also McMillan v. City of New* York, 711 F.3d 120, 125 (2d Cir. 2013); *Rinaldi v. Quality King Dist., Inc.*, 29 F. Supp. 2d 218, 226 (E.D.N.Y. 2014) (citations omitted).

Although "an employment discrimination plaintiff need not plead a *prima facie* case of discrimination," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), "dismissal is nevertheless appropriate where the plaintiff 'failed to allege even the basic elements of a discriminatory action claim.'" *Maldonado v. George Weston Bakeries*, 441 F. App'x 808, 809 (2d Cir. 2011) (quoting *Patane v. Clark*, 508 F.3d 106, 112 n.3 (2d Cir. 2007) (*per curiam*)).  "The *sine qua non* of a . . . discriminatory action claim . . . is that "the discrimination must be because of [the protected characteristic]." *Patane*, 508 F.3d at 112 (quotation marks and citation omitted); *Idlisan v. New York City Health and Hosp. Corp.*, No. 12–CV–9163, 2013 WL 6049076,

at *4 (S.D.N.Y. Nov. 15, 2013) ("As with claims brought under other employment discrimination statutes like Title VII or the ADEA, the *sine qua non* of an ADA discriminatory action claim is that the discrimination must be because of the employee's protected status") (internal quotation marks and citations omitted).

Here, plaintiff has alleged no facts in support of her ADA claims. Rather, plaintiff's complaint alleges only legal conclusions and does not allege a plausible ADA claim. Even when liberally construed, plaintiff's allegations of disability discrimination are wholly without factual support and therefore must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (stating that a court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions.") (internal quotation marks and citation omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678)).

## D.    Leave to Amend

Federal Rule of Civil Procedure Rule 15(a)(2) provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); *see also Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139–40

(2d Cir. 2013) (accord).  Accordingly, plaintiff is granted leave to file an amended complaint.

**Plaintiff's complaint is dismissed without prejudice unless plaintiff files an amended complaint within thirty (30) days of this order alleging a plausible claim against the defendant.** Plaintiff is cautioned that the amended complaint shall completely supersede the original complaint and, therefore, all claims against defendant the must be included.  Should plaintiff choose to file an amended complaint, it shall be clearly entitled "amended complaint" and bear the docket number of this case, 15-00466.  Any amended complaint shall be screened pursuant to 28 U.S.C. § 1915. Plaintiff's failure to file an amended complaint within the time allowed will lead to the dismissal of her complaint without prejudice and judgment shall enter.

### III.   Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted.  However, **plaintiff's complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) unless plaintiff files an amended complaint as set forth above within thirty (30) days from the date of this Order.**   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

Dated: February 6, 2015
      Central Islip, New York

                                         /s/ (JMA)
                                   Joan M. Azrack, U.S.D.J.